```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
        v.                     )   No. 2:08-CR-156
                               )       (2:13-CV-346)
                               )
LATOYA TRAVIS,                 )
                               )
Defendant.                     )

## OPINION AND ORDER

This matter is before the Court on the Motion for Relief Pursuant to Title 28 U.S.C. § 2255, filed by defendant, Latoya Travis, on September 16, 2013.  For the reasons set forth below, the motion is **DISMISSED for lack of jurisdiction**.  The Clerk is **ORDERED** to **DISMISS** the civil case.  Further, this Court declines to issue a certificate of appealability.


BACKGROUND

On October 18, 2010, Defendant, LaToya Travis, plead guilty to one count of Making a False Statement in a Loan Application, in violation of Title 18 U.S.C. section 1014, and Aggravated Identity Theft, in violation of Title 18 U.S.C. section 1028A.  The plea agreement included an appeal waiver, wherein Defendant agreed not to challenge her sentence through a section 2255 petition.  On January 20, 2011, Travis was sentenced to a 42 month term of

imprisonment.  That judgment was entered on January 24, 2011.

On September 20, 2012, Defendant filed a section 2255 petition seeking a reduction in her sentence because: (1) she was confined in harsh pretrial conditions; (2) she lived in substandard conditions while awaiting sentencing; and (3) she did not see her psychiatrist.  This Court denied Travis' habeas petition on March 1, 2013.

Travis has again filed a section habeas petition pursuant to section 2255.  In this petition, Travis sets out that, based upon advice of her fellow inmates, she now believes she has ineffective assistance of counsel claims against her prior attorney.

DISCUSSION

Following a direct appeal, a defendant generally has one opportunity to challenge her conviction and sentence.  *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013); 28 U.S.C. § 2255(a), (h).  Should a defendant wish to file a second or successive section 2255 motion challenging that same conviction or sentence, she must first gain authorization to do so from the court of appeals; otherwise, the district court does not have jurisdiction to consider the motion.  *Suggs*, 705 F.3d at 282; 28 U.S.C. §§ 2244(a)-(b), 2255(h).  In general, only those successive motions which challenge the underlying conviction and present newly discovered evidence of defendant's innocence or rely on a new

retroactive constitutional law will be certified by the court of appeals for district court review. *Suggs*, 705 F.3d at 282-83; 28 U.S.C. § 2255(h). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As the *Nunez* Court explained:

> From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. . . . A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez*, 96 F.3d at 991.

Because Travis has already filed a section 2255 motion with this Court, her current section 2255 motion is considered a second or successive collateral attack on her conviction or sentence. She has not obtained (or even sought as far as this Court is aware) permission from the Seventh Circuit Court of Appeals to file this successive section 2255 motion, and, therefore, it must be dismissed. The fact that Travis' appeal is still pending does not change this analysis. See *Phillips v. United States*, 668 F.3d 433, 435 ("Nothing in the language of § 2244 or § 2255 suggests that the time-and-number limits are irrelevant as long as a prisoner keeps his initial request alive through motions, appeals, and

3

petitions."). Therefore, Travis' motion is **DISMISSED** for lack of jurisdiction.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, the Court concludes that Travis' motion is successive and has not been certified by the Seventh Circuit Court of Appeals. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, the motion is **DISMISSED for lack of jurisdiction**. The Clerk is **ORDERED** to **DISMISS** the civil case. Further, this Court declines to issue a certificate of appealability.


DATED: September 30, 2013            /s/RUDY LOZANO, Judge
                                     United States District Court

5